12-4449
Robinson v. Lynch

BIA
Ferris, IJ
A099 683 689/690

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

FNU ROBINSON, FNU EINSJAH,
> *Petitioners,*

v.                                          **12-4449**
                                            **NAC**

Loretta E. Lynch, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*[*]

_____

FOR PETITIONERS:        Jay Ho Lee, New York, NY.

---

[*] The Clerk of the Court is respectfully directed to amend the caption to substitute Loretta E. Lynch for former Attorney General Eric H. Holder, Jr., as the respondent in this case, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Todd J. Cochran, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

FNU Robinson and FNU Einsjah, natives and citizens of Indonesia, seek review of an October 12, 2012, order of the BIA affirming the October 25, 2010, decision of an Immigration Judge ("IJ") that denied Einsjah's application for asylum and withholding of removal.[1] *In re FNU Robinson, FNU Einsjah*, Nos. A099 683 689/690 (B.I.A. Oct. 12, 2012), *aff'g* Nos. A099 683 689/690 (Immig. Ct. N.Y. City Oct. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen*

---

[1] Einsjah is the lead petitioner in this case, and her husband Robinson is a derivative beneficiary of her asylum application.

2

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled in part on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341. Here, the agency reasonably found that the mistreatment Einsjah endured did not constitute persecution.

Petitioners argue that the IJ failed to consider Einsjah's experiences in the aggregate in concluding that she did not suffer past persecution. However, the BIA explicitly noted that, considered cumulatively, Einsjah's experiences did not rise to the level of persecution, and the record supports that finding. The record shows that

3

when she was a child, Einsjah was "punched a lot" and that boys on the school bus would touch her back and hand and not apologize, and further that she witnessed the May 1998 riots against ethnic Chinese in Jakarta from her home. However, Einsjah was never subjected to serious physical or mental harm to the degree that her life or freedom was actively threatened, and, as a result, her unfortunate experiences in Indonesia do not establish past persecution. *See Acosta*, 19 I. & N. Dec. at 222. Although "non-life threatening violence and physical abuse" may constitute persecution as well, the agency did not err in determining that the instances in which Eisenjah endured physical harm did not rise to the level of persecution when considered in the aggregate. *See Beskovic v. Gonzales*, 467 F.3d 223, 225-26 (2d Cir. 2006); *Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004). Moreover, the fact that Einsjah was a child when some of her mistreatment occurred is only a single factor to consider when determining whether she suffered past persecution, and in this case, does not change the analysis. *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007); *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006).

Furthermore, the agency did not err in finding that Einsjah failed to establish an objectively reasonable fear of future persecution because she did not show that anyone in Indonesia sought to harm her based either on her Chinese ethnicity or her practice of Christianity, or that her siblings in Indonesia, who are also ethnically Chinese Christians, have been harmed in any way. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Einsjah argues that the agency erred because it did not take into account all of the background evidence she submitted; however, she does not point to any evidence the agency may have overlooked which was relevant to whether she had an individualized well-founded fear of future persecution, and we "presume that [the agency] has taken into account all of the evidence . . . unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

Because Einsjah was unable to establish either past persecution or a well-founded fear of future persecution, the agency did not err in denying her application for

5

asylum. *See* 8 C.F.R. § 1208.13(b); *Ramsameachire*, 357 F.3d at 178. Moreover, because Einsjah was unable to show the objective likelihood of persecution needed to make out an asylum claim, she necessarily was unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk